UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
COASTAL CAISSON CORP., as successor in  :
interest to BAUER OF AMERICA CORP.,     :
                                        :    05 Civ. 7462 (DLC)
              Petitioner,               :
                                        :
        -v-                             :
                                        :
E.E. CRUZ/NAB/FRONTIER-KEMPER, A Joint  :
Venture, E.E. CRUZ & CO., INC., NAB     :
CONSTRUCTION CORPORATION, FRONTIER-     :
KEMPER CONSTRUCTION, INC., AETNA        :
CASUALTY AND SURETY COMPANY and         :
TRAVELERS CASUALTY AND SURETY COMPANY,  :
                                        :
              Respondents.              :
                                        :
                                        :    OPINION AND ORDER
--------------------------------------- :
                                        :
E.E. CRUZ/NAB/FRONTIER-KEMPER, A Joint  :
Venture, E.E. CRUZ & CO., INC., NAB     :
CONSTRUCTION CORPORATION, FRONTIER-     :
KEMPER CONSTRUCTION, INC., AETNA        :
CASUALTY AND SURETY COMPANY and         :
TRAVELERS CASUALTY AND SURETY COMPANY,  :    05 Civ. 7466
                                        :
              Petitioners,              :
                                        :
        -v-                             :
                                        :
COASTAL CAISSON CORP., as successor in  :
interest to BAUER OF AMERICA CORP.,     :
                                        :
              Respondent.               :
----------------------------------------X

Appearances:

For Petitioner/Respondent Coastal Caisson Corp.:
Tony Berman
Berman, Paley, Goldstein & Monte, LLP
500 Fifth Avenue
New York, NY 10110

For Respondents/Petitioners E.E. Cruz/NAB/Frontier-Kemper,
     A Joint Venture, et al.:
Franklin E. Tretter
Eugene H. Goldberg
145 Huguenot Street
New Rochelle, NY 10801


DENISE COTE, District Judge:

     This Opinion addresses two petitions, both of which arise
from an April 13, 2007 arbitration award ("Second Award") in
favor of Coastal Caisson Corp. ("Coastal") and against E.E. Cruz
and related parties (the "Joint Venture").  This Second Award
was issued after a much smaller June 24, 2005 award in favor of
Coastal ("First Award") was vacated.

     Coastal moves pursuant to 9 U.S.C. § 9 to confirm the
Second Award and pursuant to 9 U.S.C. § 10 to vacate and correct
the award as to its denial of prejudgment interest.  The Joint
Venture moves to vacate the Second Award and to modify and
confirm the First Award pursuant to N.Y. C.P.L.R. § 7511(b)-(c),
or in the alternative, 9 U.S.C. §§ 9-11.  For the following
reasons, Coastal's motion to confirm the Second Award is
granted.  Its motion to modify the Second Award as to interest
is denied.  The Joint Venture's motions to vacate the Second
Award and to confirm and modify the First Award as to interest
are also denied.

BACKGROUND

The following facts underlying this dispute were described in an October 14, 2005 Opinion by this Court delivered from the bench, Transcript of Bench Opinion, Coastal Caisson Corp. v. E.E. Cruz/NAB/Frontier-Kemper, No. 05 Civ. 7462, 7466 (DLC) (S.D.N.Y. Oct. 14, 2005) ("Bench Opinion"), and in Coastal Caisson Corp. v. E.E. Cruz/NAB/Frontier-Kemper, No. 05 Civ. 7462, 7466 (DLC), 2006 WL 1593615 (S.D.N.Y. June 8, 2006), which are incorporated by reference.  The dispute arose out of a contract between the Joint Venture, a contractor consisting of companies incorporated in New York, New Jersey and Indiana, and Bauer of America Corp. ("Bauer"), to construct Earth Support System walls for the Flushing Bay Combined Sewer Overflow Retention Facility.  Coastal is a Florida corporation and the successor in interest to Bauer.  Although Coastal initiated litigation in August 1999, Coastal Caisson Corp. v. E.E. Cruz/NAB/Frontier-Kemper, No. 99 Civ. 8852 (SAS), the parties agreed in July 2001 to submit their dispute to arbitration ("Agreement").  The Agreement provides that the American Arbitration Association Construction Industry Rules ("AAA Constr. Indus. R.") apply and that "[t]he laws of the State of New York shall govern this submission to arbitration."

On June 24, 2005, the arbitrators granted Coastal the First Award of $791,731.21,[1] which was the contract balance that the Joint Venture owed Coastal.  Coastal moved to vacate the award in part for manifest disregard of the law and to confirm the remainder on August 23.  The Joint Venture moved to modify the award for a material miscalculation on August 24.  The two petitions were consolidated.

This Court granted Coastal's petition to vacate the First Award for manifest disregard of the law.  In an opinion delivered from the bench on October 15, it found that

> [t]he award assumes and the parties don't dispute that the arbitrators found that the [J]oint [V]enture breached its contract with Bauer thereby delaying the completion of Bauer's work, [f]inding that the parties had agreed that the [sic] Bauer's work would be completed by June 1999 but that "by the [J]oint [V]enture['] conduct" that date became "unrealistic" and that Bauer's work was not completed until November 1999.  The award concentrated on determining the amount of damages owed to Bauer.

The Bench Opinion held that the decision by the arbitration panel not to apply total cost damages because of the difficulty in apportioning fault was "clear error" and constituted "the rare case in which it is sufficiently clear that the arbitrators did manifestly disregard the law."  Bench Opinion at 12, 14.  It vacated and remanded the First Award for an allocation of damages.  The Bench Opinion denied as moot Coastal's second

---

[1] The Bench Opinion erred in stating that the amount of the First Award was $761,731.27.

claim, that the arbitrators manifestly disregarded law when they refused to award prejudgment interest on its contract claims. It also denied as moot the Joint Venture's petition to confirm the award and to correct it for a material miscalculation.  On October 18, the matter was remanded to the arbitrators for an award conforming to the Bench Opinion.  Coastal Caisson Corp. v. E.E. Cruz/NAB/Frontier-Kemper, No. 05 Civ. 7462, 7466 (DLC), (S.D.N.Y. Oct. 18, 2005) (order vacating and remanding) ("October 18, 2005 Order").

The Joint Venture appealed the October 18, 2005 Order.  The United States Court of Appeals for the Second Circuit dismissed the appeal on March 29, 2006, for lack of appellate jurisdiction.  Coastal Caisson Corp. v. E.E. Cruz/NAB/Frontier-Kemper, No. 05-6179-cv (2d Cir. Mar. 29, 2006).  The mandate enforcing the dismissal was issued on April 19.  The Joint Venture subsequently applied for certification of an appeal pursuant to 28 U.S.C. § 1292(b).  On June 8, the motion was denied and Coastal's cross-motion to compel the arbitrators to complete their work pursuant to the October 18, 2005 Order was granted.

On April 13, 2007, the arbitrators issued the Second Award, granting Coastal $1,989,466.94 without interest, an amount

almost three times that of the First Award.[2]  In adjusting the
award, the arbitrators followed the direction of the Bench
Opinion.

> Because the Court disagreed with only one part of the
> First Award, to wit, that we did not apportion the relative
> fault of the parties and thereby were unable to award to
> Bauer a portion of its total costs, we incorporate by
> reference all the balance of the First Award and make it
> part of this award (the "Second Award"). . . .

> The Court's opinion has no quarrel with any other
> aspect of our award.  Both we and the parties assume that
> it was only the damage apportionment issue which needed to
> be addressed in the current proceedings.

On this basis, the Second Award incorporated by reference all
"findings and conclusion on the Joint Venture's Counterclaim"
from the First Award.  The arbitrators considered two rounds of
briefs on the issue of apportionment and the parties' submission
of "voluminous extracts" from the original record.[3]

Noting the Bench Opinion's finding that uncertainty as to
the determination of damages and apportionment of fault are not
acceptable reasons to refuse to apply the total cost approach,
the arbitrators applied the total cost method to compute damages
for Bauer.  To calculate Bauer's total cost, the Second Award

---

[2] One of the three arbitrators dissented in a separately filed
opinion.

[3] The Second Award noted that "the very substantial briefs and
other materials that the parties submitted on [the issue of
apportionment] were essentially a reargument of the positions
they have steadfastly held throughout."

first determined its actual cost.  It then determined the

portion of Bauer's excess costs that were caused by acts or

omissions of the Joint Venture and by Bauer itself.  The

arbitrators reduced Bauer's alleged actual costs by 10% and

awarded 15% overhead and profit.  They then found that "Bauer's

work was impacted by twelve separate items," and that its

"excess costs were a result of the fault of both parties."  They

concluded that the Joint Venture was responsible for only 40% of

the excess costs, which when added to the amount owed to Coastal

under the contract left a balance due of $3,379,268.92.  The

arbitrators found that Bauer was due a net amount of

$1,989,466.94, after subtracting the total award due to the

Joint Venture on its counterclaim from the total award due to

Bauer on its claim.  On the issue of prejudgment interest, the

arbitrators found that

> [a]lthough prejudgment interest may be required by the
> CPLR, we find that we have discretion under the applicable
> rules of the American Arbitration Association not to award
> pre-award interest (See Rule 43(d)). Given the vast
> uncertainties concerning the amounts due and the reasons
> for those uncertainties described in our First Award, we
> think it is highly inappropriate to award interest and we
> decline to do so.[4]

---

[4] The Second Award erred in identifying Rule 43(d) as the
American Arbitration Association Construction Industry Rule
granting arbitrators' discretion to award interest.  The correct
rule is Rule 44(d), which provides, in pertinent part, that the
award of the arbitrator "may include interest at such rate and
from such date as the arbitrator may deem appropriate."  Rule
44(d), AAA Constr. Indus. R. (emphasis supplied).

Soon after the Second Award was issued, the parties filed the petitions considered in this Opinion.  On April 24, 2007, Coastal moved to confirm the Second Arbitration and to modify it to allow interest at the legally prevailing rate from the completion of the work, on or about April 1, 1999, the date it was due the contract balance.  On April 27, 2007, the Joint Venture served a petition to vacate the Second Award, to correct the First Award for material miscalculation, and to otherwise confirm the First Award.

DISCUSSION

The Joint Venture petitions this Court to vacate the Second Award on five grounds.  Its first two arguments challenge this Court's review of the First Award, arguing that (1) the October 18, 2005 Order improperly substituted a judicial determination for an arbitration decision, and that (2) the Bench Opinion improperly applied the Federal Arbitration Act, rather than New York law, which it contends does not permit setting aside an arbitration award "for manifest disregard of the law."  In the event that this Court finds that the Federal Arbitration Act does apply, the Joint Venture argues that the Second Award should be vacated for manifest disregard of the law.  It contends that the arbitrators erred (3) by adopting this Court's

8

description of New York law on the application of total cost
damages, (4) by viewing the interpretations of New York law
given by the Second Circuit and this Court as controlling, and
(5) by granting an award for Coastal absent a finding that the
Joint Venture breached the contract.  The Joint Venture further
argues that (6) the First Award should be corrected for material
miscalculation,[5] and (7) that it should be confirmed.  Coastal
in turn moves to modify the Second Award with respect to its
refusal to grant prejudgment interest, and otherwise moves to
confirm the award.  The following discussion begins with the
Joint Venture's petition to vacate.


I. The Joint Venture's Petition to Vacate

     It is well-settled that the Federal Arbitration Act ("FAA")
"does not confer subject matter jurisdiction on the federal
courts even though it creates federal substantive law."
Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 25 (2d Cir.
2000).  Rather, "[t]here must be an independent basis of
jurisdiction before a district court may entertain petitions
under the [FAA]."  Perpetual Sec., Inc. v. Tang, 290 F.3d 132,
136 (2d Cir. 2002) (citation omitted); see also Greenberg, 220

---

[5] The Joint Venture has not preserved a miscalculation argument
in the event its motion to vacate the Second Award is denied.
Nonetheless, the miscalculation argument is briefly addressed
below.

F.3d at 25.   There is jurisdiction over this petition pursuant
to Section 1332 of Title 28, United States Code.

        "Normally, confirmation of an arbitration award is a
summary proceeding that merely makes what is already a final
arbitration award a judgment of the court, and the court must
grant the award unless the award is vacated, modified, or
corrected."  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95,
110 (2d Cir. 2006) (citation omitted).  A court's review of an
arbitration award is "severely limited" so as to not unduly
frustrate the goals of arbitration, namely to settle disputes
efficiently and avoid long and expensive litigation.  Willemijn
Houdstermaatschappij, BV v. Standard Microsystems Corp., 103
F.3d 9, 12 (2d Cir. 1997) (citation omitted).  "The showing
required to avoid summary confirmation of an arbitration award
is high."  Id.  "[O]nly a very narrow set of circumstances
delineated by statute and case law permit vacatur."  Porzig v.
Dresdner, Kleinwort, Benson, North America LLC, --- F.3d ---,
2007 WL 2241592, at *3 (2d Cir. Aug. 7, 2007).  A party moving
to vacate an award therefore bears a "heavy burden," Wallace v.
Buttar, 378 F.3d 182, 189 (2d Cir. 2004), and "such relief is
appropriately rare."  Porzig, 2007 WL 2241592, at *4.

        In this case, the Agreement contains a choice of law
provision stating that New York law shall apply.  The parties'
choice of New York law will be honored, since "where parties

10

have chosen the governing body of law, honoring their choice is
necessary to ensure uniform interpretation and enforcement of
that agreement and to avoid forum shopping." Motorola Credit
Corp. v. Uzan, 388 F.3d 39, 51 (2d Cir. 2004).  The Court of
Appeals has noted moreover that "respecting the parties' choice
of law is fully consistent with the purposes of the FAA." Id.;
see Volt Info. Scis., Inc. v. Bd. of Trs., 489 U.S. 468, 479
(1989) ("Where, as here, the parties have agreed to abide by
[California] rules of arbitration, enforcing those rules
according to the terms of the agreement is fully consistent with
the goals of the FAA . . . .").

    The FAA enumerates grounds for vacating an arbitration
award.  See 9 U.S.C. § 10.  These grounds "involve corruption,
fraud, or some other impropriety on the part of the
arbitrators." Wallace, 378 F.3d at 189 (citation omitted).  In
addition to this statutory authority, a court may vacate an
arbitral award "if it exhibits a manifest disregard of the law."
Id. (citation omitted).  The Court of Appeals has instructed
that this is a "doctrine of last resort -- its use is limited
only to those exceedingly rare instances where some egregious
impropriety on the part of the arbitrators is apparent, but
where none of the provisions of the FAA appl[ies]." Id.
(citation omitted).  A party seeking vacatur on this ground must
prove that an arbitrator was "fully aware of the existence of a

clearly defined governing legal principle, but refused to apply it, in effect, ignoring it." <u>Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S</u>, 333 F.3d 383, 389 (2d Cir. 2003).

The Joint Venture has moved to vacate the Second Award pursuant to N.Y. C.P.L.R. § 7511 on the grounds that the Federal Arbitration Act does not apply because the parties freely chose New York law in their Agreement to arbitrate.  In the alternative that the federal statute does apply, it brings this motion pursuant to 9 U.S.C. § 10.  Since the FAA governs this Court's review of the arbitration awards in this case, the petition is properly brought under 9 U.S.C. § 10.  The Joint Venture does not identify any specific statutory ground, however, for its motion to vacate.  It does not argue, for example, that the arbitrators were corrupt, impartial or exceeded their power.  Its motion must therefore be construed as a motion to vacate the Second Award for manifest disregard of the law.

The Bench Opinion laid out the standard of review for manifest disregard as follows:

> In its decision in <u>Duferco</u>[, 333 F.3d 383,] the Second Circuit articulated a three part inquiry for determining if an arbitrator has acted in manifest disregard of the law.
>
> First, the Court must ask whether the law that was allegedly ignored was clear and was explicitly applicable to the matter before the arbitrators.  <u>Id.</u> at 389 to 90.

12

Second, the Court must determine whether the law was, in fact, improperly applied[,] giving rise to the erroneous outcome.  <u>Id</u>. at 390.

Third, it must be shown that the arbitrator knew of the existence of the proper governing law.  This third step means that the proper law must have either been identified to the arbitrator by the parties in the arbitration or the error must be so obvious that it would instantly proceed to such by the average person qualified to serve as an arbitrator.[6]

Bench Opinion at 8.

A. Challenge to the First Award

The Joint Venture contends that this Court exceeded its authority when it vacated the First Award.  It did not.  In issuing the Bench Opinion, this Court found that the arbitrators' refusal to apply the total cost method of calculating damages due to the difficulty of apportioning fault for delays in a factually complex construction dispute was "clear error."  Bench Opinion at 12.  That ruling was not a prohibited factual determination, as the Joint Venture claims, but a legal determination falling within a well-established standard of review.  The Joint Venture's claims that this Court

---

[6] As explained in <u>D.H. Blair</u>, 462 F.3d 95, this last phrase means only that "an arbitrator's error in interpreting the legal doctrine <u>relied upon by the parties</u> can constitute manifest disregard if the average person qualified to serve as an arbitrator would not have made such an interpretation."  <u>Id.</u> at 111 (emphasis supplied).  This clarification of the <u>Duferco</u> test has no effect on the analysis undertaken in the Bench Opinion.

improperly imposed its own determination on factual issues and that the manifest disregard of law standard does not apply, are both rejected.[7]

The Joint Venture's reliance on <u>Major League Baseball Players Assoc. v. Garvey</u>, 532 U.S. 504 (2001), is unavailing. The Supreme Court in <u>Major League Baseball</u> considered a Court of Appeals decision to vacate an arbitration award that resolved "the merits of the parties' dispute on the basis of its own factual determinations," and "usurped the arbitrators' role by resolving the dispute and barring further [arbitration] proceedings . . . ." <u>Id.</u> at 511. The Joint Venture fails to demonstrate that the Bench Opinion engaged in a similar usurpation of the arbitrators' role. The Bench Opinion explicitly reserved decisionmaking authority for the panel by stating that "[t]he panel in reconsidering their award [has] discretion to make any changes to the award that they see fit . . . ." Bench Opinion at 14.

The Joint Venture next argues that it was error for this Court to require the arbitrators to follow the total cost method of calculating damages in breach of contract claims as described

---

[7] The Joint Venture's claim that the FAA and caselaw interpreting the statute are inapplicable to this case, where the parties have chosen New York law in the Agreement, is also rejected.

in <u>Thalle Contr. Co., Inc. v. Whiting-Turner Contracting Co.,</u>
<u>Inc.</u>, 39 F.3d 412 (2d Cir. 1994).  They argue that this Court,

> having not reviewed the record and exhibits before the
> Arbitrators before dictating that opinion from the bench,
> in error assumed and directed the Arbitrators upon remand
> that the [sic] Bauer's claim was a delay claim and that the
> New York state law concerning the total cost method of
> computing damages adopted by the Second Circuit decision in
> <u>Thalle</u> dealing with a delay claim was binding upon the
> Arbitrators.

In support, the Joint Venture cites <u>Wallace v. Buttar</u>, 378 F.3d

182, for the proposition that arbitrators are not required "to

ascertain the legal principles that govern a particular claim

through the conduct of independent legal research," but rather

are expected "to ascertain the law through the arguments put

before them by the parties to an arbitration proceeding."  <u>Id.</u>

at 191 n.3.  This case is inapposite.  As noted in the Bench

Opinion, the parties did describe the <u>Thalle</u> decision to the

arbitrators and they were specifically aware of the <u>Thalle</u>

decision.  Bench Opinion at 14.

The Joint Venture contends as well that <u>Thalle</u> did not need

to be followed because Coastal's claim was not a delay claim and

that the arbitrators did not find in either the First or Second

Award that the Joint Venture had breached the contract.  These

arguments can be swiftly rejected.  Coastal brought a delay

claim.  The arbitrators' First Award was premised on their

finding of breach and only makes sense in that context.  The

Bench Opinion observed that "[t]he [First Award] assumes and the parties do not dispute that the arbitrators found that the [J]oint [V]enture breached its contract with Bauer[,] thereby delaying the completion of Bauer's work."  Bench Opinion at 10. Furthermore, the arbitrators implicitly accepted this characterization as accurate when they issued the Second Award and found that this Court "disagreed with only one part of the First Award, to wit, that we did not apportion the relative fault of the parties and thereby were unable to award to Bauer a portion of its total cost . . . ."

The Joint Venture's motion to vacate the Second Award fails.  For the same reasons its motion to confirm the First Award is denied.


B. Motion to Correct for Material Miscalculation

The Joint Venture moves to correct the First Award as to a material miscalculation, but has not made a parallel motion with respect to the Second Award.  To the extent that the Joint Venture has preserved its miscalculation argument with respect to the Second Award, a brief discussion will suffice.

The Joint Venture contends that the calculations which led to the First Award contained two mathematical errors in a total amount of about $548,000.  One involved how a Joint Venture payment in the amount of roughly $331,000 to a concrete supplier

related to the damages award.  In attacking the First Award,
which did not award total cost damages, the Joint Venture argued
that it was error for the arbitrators to give the Joint Venture
a credit for payments made directly by the Joint Venture to
Coastal but to omit giving the Joint Venture a credit as well
for the amount paid to the concrete supplier on behalf of
Coastal.  The second alleged error in the First Award involved
the amount of just over $216,000, and related to the size of the
caisson wall.  According to the Joint Venture, the First Award
acknowledged a dispute between the parties over the size of the
wall, with Coastal having asserted that the wall contained
approximately 6,000 more square feet than the Joint Venture had
identified.  Although its papers are confusing on this point, it
appears that the Joint Venture contends that Coastal later
admitted that it was in error in asserting that the wall was
larger, and that when the arbitrators stated in the First Award
that they were denying "all other" claims of both parties, they
should have denied as well any award based on Coastal's initial
assertion that the wall was larger than the Joint Venture
estimated.

     These issues were raised directly with the arbitrators, who
denied them through an order issued on August 11, 2005.  This
denial is sufficient to lay this attack to rest.  The
arbitrators would have had the power to correct any

computational errors, nothing suggests that they misapprehended their authority in that regard, and they declined to make any alteration in the First Award.  Coastal has shown that the arbitrators decided these issues in its favor on the merits and the Joint Venture has not shown that there is any ground for this Court to remand these issues for further review.  The Joint Venture has utterly failed to show, in any event, that these alleged errors also affect the validity of the Second Award.

II. Coastal's Petition to Correct and Confirm

Coastal moves to "correct" the Second Award as to its denial of prejudgment interest pursuant to 9 U.S.C. § 10, and moves to otherwise confirm the award pursuant to 9 U.S.C. § 9. It seeks an award of prejudgment interest from April 1, 1999, the date the contract balance was due to Coastal, at the New York statutory rate of 9%.  N.Y. C.P.L.R. § 5004.

Coastal does not allege that the arbitrators erred in denying prejudgment interest in the Second Award according to any of the statutory grounds set forth by 9 U.S.C. §§ 10 and 11. In the absence of any indication that Coastal is relying on any enumerated statutory ground for its motion to "correct" the Second Award as to interest, this prong of Coastal's motion is properly construed as a motion to vacate the Second Award's

denial of prejudgment interest for manifest disregard of the law.

In declining to award prejudgment interest, the arbitrators recognized that the N.Y. C.P.L.R. ordinarily requires such an award but declined to grant interest in an exercise of discretion under the rules of the American Arbitration Association because of the uncertainties associated with determining damages.  They found it "highly inappropriate to award interest" in this case.

The arbitrators did not disregard law in exercising their discretion to deny Coastal prejudgment interest.  The parties agreed that the American Arbitration Association Construction Industry Rules and New York law would apply to the arbitration of their dispute.  Rule 44(d) provides that "[t]he award of the arbitrator <u>may include</u> interest at such rate and from such date <u>as the arbitrator may deem appropriate</u>."  Rule 44(d), AAA Constr. Indus. R. (emphasis supplied).  In contrast to the discretionary language of Rule 44(d), N.Y. C.P.L.R. § 5001 ("Section 5001"), the New York statute governing the award of prejudgment interest, provides that interest may be required by law.

> Interest <u>shall be recovered</u> upon a sum awarded <u>because of a breach of performance of a contract</u>, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and

> date from which it shall be computed shall be in the
> court's discretion.

N.Y. C.P.L.R. § 5001 (emphasis supplied).  "Under New York Law,
prejudgment interest is <u>normally recoverable</u> as a matter of
right in an action at law for breach of contract." <u>New England
Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.</u>, 352 F.3d 599,
606 (2d Cir. 2003) (citation omitted) (emphasis supplied).
While Section 5001 permits a court to exercise discretion in the
grant of interest in cases arising in equity, <u>Rosenblum v. Aetna
Casualty & Surety</u>, 439 N.Y.S.2d 482, 483 (App. Div. 1981), the
Court of Appeals has noted the provision's "mandatory" language
regarding the award of prejudgment interest in cases involving
breach of contract claims.

The parties to an arbitration, however, are permitted to
"specify by contract the rules under which that arbitration will
be conducted." <u>Volt</u>, 489 U.S. at 479.  While Coastal now
characterizes the American Arbitration Association Construction
Industry Rules as "optional," it consented to these rules in the
Agreement and a court must "rigorously enforce such agreements
according to their terms." <u>Id.</u> (citation omitted).  Rule 44(d)
applies to this action, and permits the arbitrators to exercise
discretion in granting Coastal prejudgment interest.

Given the tension between Rule 44(d) and Section 5001, it
is appropriate to refrain from vacating an arbitral award and to

defer to the arbitrators' judgment.  <u>See</u> <u>Nicoletti v. Hutton &</u>
<u>Co., Inc.</u>, 761 F. Supp. 312, 313 (S.D.N.Y. Apr. 16, 1991)
(refusing to vacate arbitration award that declined to award
prejudgment interest).  While this Court has once vacated an
award of the arbitration panel in this case for manifest
disregard of the law, Coastal has not demonstrated that the
Second Award exhibits factors that together "overcome the
deference owed to the [p]anel's award."  <u>Porzig</u>, 2007 WL
2241592, at *4.

While Coastal curiously turns to <u>Shamah v. Schweiger</u>, 21 F.
Supp. 2d 208 (E.D.N.Y. 1998), for support, this case provides it
no assistance.  The court in <u>Shamah</u> denied a motion to modify an
arbitration award that granted the prevailing party prejudgment
interest at the Pennsylvania statutory rate of 6% rather than
the arguably applicable New York statutory rate of 9%.  <u>Id</u>. at
217.  Rather than providing support for the proposition that an
arbitration award may be vacated and corrected as to the issue
interest, <u>Shamah</u> supports the opposite conclusion.  Coastal has
not pointed to a case in which a court corrected an arbitration
award's decision on prejudgment interest.  Its motion to correct
the Second Award as to interest is therefore denied.

CONCLUSION

Coastal's motion to confirm the Second Award is granted. Its motion to modify the Second Award as to interest is denied. The Joint Venture's motions to vacate the Second Award and to confirm and modify the First Award are also denied.  The Clerk of Court shall close this case.[8]


SO ORDERED:

Dated:    New York, New York
          August 10, 2007


                                   _____
                                          DENISE COTE
                                 United States District Judge


---

[8] The motions associated with document numbers 39, 42 and 44 in 05 Civ. 7462, and with document numbers 39 and 42 in 05 Civ. 7466 shall be terminated.